IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

```
_____
VERIZON SERVICES CORP.,     )
ET AL.,                     )
            Plaintiffs,     )
V.                          )     Civil Action No. 1:06cv682
                            )
VONAGE HOLDINGS CORP.,      )
ET AL.,                     )
            Defendants.     )
_____)
```

**ORDER OF PERMANENT INJUNCTION**

This case is before the Court for entry of a Permanent Injunction and stay pending appeal, and for the reasons stated from the bench, it is hereby

ORDERED that Defendants Vonage Holdings Co. and Vonage America, Inc. (collectively "Vonage" or "the Vonage Defendants"), together with their officers, agents, servants, employees, corporate affiliates, corporate parent, attorneys, and each and every person in active concert or participation with them (collectively the "Vonage Enjoined Parties"), are hereby restrained and enjoined, pursuant to 35 U.S.C. § 283 and Fed. R. Civ. P. 65(c), from further infringing Claim 27 of U.S. Patent No. 6,282,574; Claim 20 of U.S. Patent No. 6,104,711; and Claims 1,6,7, and 8 of U.S. Patent No. 6,359,880 (the "Infringed Claims") and are further enjoined from infringing by using any method embodied in the Infringed Claims, or any method that is

only a colorable variation thereof, whether alone or in combination with other products or services.

    1.  Regarding Claim 27 of U.S. Patent No. 6,282,574, the Vonage Enjoined Parties are further specifically enjoined from infringing by using the method used by Vonage, or any method that is only a colorable variation thereof, for processing a telephone call made by a Vonage customer a device connected to the public switched telephone network ("PSTN"), in which a Vonage customer's calling device sends a SIP INVITE message to a Vonage proxy server, which from the message produces a telephone number for the called party on the PSTN, and where a Vonage media gateway subsequently sends to the calling device (whether directly or indirectly) a reply message, such as a SIP 183 SESSION PROGRESS message or a SIP 200 OK message, that includes the telephone number of the called party and the IP address of the Vonage media gateway, or of an RTP relay if the call is routed through an RTP relay.  The Vonage Enjoined Parties are further specifically enjoined from infringing by using the method used by Vonage, or any method that is only a colorable variation thereof, for processing a telephone call made to a Vonage customer from a device connected to the public switched telephone network ("PSTN") in which Vonage media gateway connected to the PSTN sends a SIP INVITE message to a Vonage proxy server, which from the message produces the Vonage customer's telephone number, and

where the Vonage customer's equipment subsequently sends to the media gateway a reply message, such as a SIP 200 OK message, that includes the Vonage customer's telephone number and the IP address of the Vonage media gateway, or of an RTP relay if the call is routed through an RTP relay.

    2.  Regarding Claim 20 of U.S. Patent No. 6,104,711, the Vonage Enjoined Parties are further specifically enjoined from infringing by using the method now employed by Vonage, or any method that is only a colorable variation thereof, for processing a telephone call to a Vonage subscriber from a device connected to the public switched telephone network ("PSTN"), in which a Vonage proxy server receives a SIP INVITE message and, based on conditions and data set forth in the Vonage customer's xml profile that provide more than one option for directing that particular call, the call is subsequently directed to an IP address for routing the call to one of those options, such as an IP address for routing the call to another number specified by the Vonage customer, voicemail, or any other number which the Vonage customer has selected pursuant to features which Vonage has designated as "call forwarding," "voicemail," simulRing," "call hunt," "call waiting" or similar features, and in which the selected destination IP address is eventually sent back to the calling party via the Vonage media gateway, such as within a SIP OK message, regardless of whether or not the call is routed

through an RTP relay.  The Vonage Enjoined Parties are further specifically enjoined from infringing by using the method now employed by Vonage, or any method that is only a colorable variation thereof, to check whether the status of a Vonage customer's account is ACTIVE or SUSPEND, and which status check occurs on all calls made either to or from a Vonage customer, and, depending on the customer's status, routes calls to different IP addresses depending on the status of the Vonage customer's account - more specifically, Vonage's routing of calls to an asterisk server if the Vonage customer's account is in SUSPEND status and through a Vonage media gateway if the Vonage customer's account is in ACTIVE status.

    3.  Regarding Claims 1,6,7, and 8 of U.S. Patent No. 6,359,880, the Vonage Enjoined Parties are further specifically restrained and enjoined from:

        A.  Infringing by using devices having wireless capabilities to complete calls to and from Vonage customers over the Vonage Network, including Linksys WRT54G2, Linksys WRTP54G, D-Link VWR wireless routers; ii) the V-Tech IP 8100 cordless telephones and accessory handsets, and the Uniden UIP1869V cordless phones and accessory handsets, both of which are capable of connecting wirelessly to a public packet data communication network, iii) the UT Starcom F1000 wireless telephones which are capable of connecting wirelessly to a public packet data

communication network; iv) the Vonage Softphone Xten X-PRO and Vonage Talk software, both of which are capable of being downloaded to or accessed by a wireless computer capable of connecting wirelessly to a public packet data network; and v) the Vonage V-Phone which is capable of storing software accessible to a wireless computer capable of connecting wirelessly to a public packet data network, or any colorable variations thereof of any device described in this paragraph 3A.

      B.  Processing calls by or for customers using the cordless telephones identified in Paragraph 3A above, including V-Tech IP 8100 cordless phones and Uniden UIP1869V cordless phones, and processing calls from a Vonage customer or PSTN customer to a Vonage customer using the wireless telephones identified in Paragraph 3A above in the NAT'd environment, including the UTStarcom F1000 Wi-Fi phones, and wireless computers running Softphone software, including Xten-PRO or Vonage Talk Software.  The Vonage Enjoined Parties are further specifically enjoined from processing calls from a Vonage customer or PSTN customer to a Vonage customer using the wireless access points or hotspots, in a NAT'd environment, of Boingo, Earthlink, any other Vonage partner or affiliate or any other entity by which a customer can receive a telephone call wirelessly over a public packet data communication network such as the Internet.

   4.   This injunction shall become effective immediately and shall run through the following dates:

   A.   As to the '574 patent, until March 6, 2017;

   B.   As to the '711 patent, until March 6, 2017; and

   C.   As to the '880 patent, until March 11, 2017.

   5.   Vonage shall forthwith provide written notice of this injunction to its officers, directors, agents, servants, representatives, attorneys, employees, subsidiaries, and affiliates, and it is

   FURTHER ORDERED that this injunction order is STAYED pending appeal as to all present or existing customers of the Vonage Parties, provided the Vonage Parties escrow the 5.5% royalty quarterly with the Clerk of Court of this Court to be held in an interest bearing account.

/s/
_____
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
April 12  , 2007